Christina Stephenson, OSB # 102287
christina@oregonworkplacelaw.com
MEYER STEPHENSON
1 SW Columbia, Suite 1850
Portland, OR 97204
Phone: (503) 459-4010
Fax: (503) 914-1461

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **SHANNON POPE**,<br><br>Plaintiff,<br><br>v.<br><br>**GUARANTY RV, INC.**,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR UNLAWFUL EMPLOYMENT PRACTICES**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Shannon Pope, by and through undersigned counsel, makes the following complaint against her former employer, Guaranty RV, Inc. alleging as follows:

## NATURE OF THE ACTION

1.

Plaintiff brings this action for monetary relief, damages, costs, punitive damages and attorney's fees for herself to redress injuries done to her by Guaranty RV, Inc in contravention of

her federally protected rights under 42 U.S.C. §2000e-2 and her state protected rights under Oregon Revised Statutes.

**JURISDICTIONAL ALLEGATIONS**

2.

This Court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1343; 28 U.S.C. § 1331; and 42 U.S.C. §2000e-5(f)(3). This Court also has supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367 as the state claims arise from the same nucleus of operative facts as the federal claims.

3.

Venue is proper within the District of Oregon, Eugene Division, pursuant to 28 U.S.C. § 1391(b) because all or substantially all of Plaintiff's claims arose in this judicial district.

4.

Plaintiff filed timely claims with Oregon's Bureau of Labor and Industries ("BOLI") and the Equal Employment Opportunity Commission ("EEOC") raising the issues alleged herein. On or about February 8, 2021, BOLI issued a Notice of Substantial Evidence Determination. Plaintiff has been issued a notice of right to sue from BOLI and has timely filed this matter within the time limits set forth in the notice of right to sue. Plaintiff has also received a right to sue from the EEOC; Plaintiff has therefore exhausted administrative procedures.

**FACTUAL ALLEGATIONS**

5.

Plaintiff is a resident of Lane County, Oregon.



MEYER STEPHENSON, LLC
1 SW COLUMBIA ST., SUITE 1850
PORTLAND, OR 97204

6.

Defendant Guaranty RV, Inc. ("Defendant") is a "person" and an "employer" as defined by ORS 659A.001. Defendant is a "covered employer" under ORS 659A.270. Defendant is an "employer" for purposes of Title VII. At all material times, the Defendant maintained its principal place of business in Lane County, and conducted regular and sustained business activities in Lane County. Defendant employs over fifteen employees in Oregon.

7.

At all material times, Plaintiff was supervised by Defendant's employees or agents and Plaintiff relied on the actual or apparent authority of Defendant's employees, supervisors, and management.

8.

Plaintiff was hired as an RV Technician Apprentice on or around August 18, 2019, making $15 per hour.

9.

On or around October 20, 2019, Plaintiff's housemate became physically abusive toward her. The housemate had been verbally abusive and aggressive toward Plaintiff before and the escalation to physical abuse terrified Plaintiff.

10.

Over the next several days the housemate's harassment of Plaintiff reached a fever pitch. On October 23, 2019, Plaintiff's housemate messaged and threatened her so incessantly she became so distraught she needed to leave work early. At that time, Plaintiff spoke with her supervisor, Lee Kauffman, and notified him that she was going to be seeking a stalking order against her abuser, who was also her housemate. Later that day, Plaintiff sent a text message to



MEYER STEPHENSON, LLC
1 SW COLUMBIA ST., SUITE 1850
PORTLAND, OR 97204

Kauffman that she had to miss work on October 24, 2019 to attend court to deal with her "unsafe living situation." In response, Kauffman acknowledged he understood.

11.

On or around October 24, 2019, Plaintiff filed a petition for a stalking protective order against her housemate. Plaintiff was a victim of domestic violence, harassment and/or stalking. As described in her petition: the other member of Plaintiff's household, with whom she was cohabitating, was intentionally, knowingly, or recklessly placing her in fear of imminent bodily injury; that person was also harassing Plaintiff by intentionally subjecting Plaintiff to offensive physical contact; and the person was knowingly alarming Plaintiff by engaging in repeated and unwanted contact with her, it was objectively reasonable for Plaintiff to have been alarmed by the contact, and the repeated and unwanted contact caused Plaintiff reasonable apprehension regarding her personal safety. Among other things, her housemate shoved her, yelled at and threatened her, and tried extorting her. Plaintiff feared for her safety due to the escalating nature of the conduct and that her abuser had several guns and knives in the house.

12.

On or around November 1, 2019, Plaintiff filed a police report with the Eugene Police Department describing her fear of her abuser, including his temper and numerous guns.

13.

On or around November 4, 2019, Plaintiff spoke with Kauffman and notified him that she required leave to relocate from the household of her abuser. Plaintiff needed to relocate in order to ensure her health and safety. The request for leave was also a request for a reasonable safety accommodation under ORS 659A.290. Later that day via text message, Plaintiff reminded Kauffman that she had submitted a week-long leave request to address the "emergency situation"



MEYER STEPHENSON, LLC
1 SW COLUMBIA ST., SUITE 1850
PORTLAND, OR 97204

involving her abuser.  In response, Kauffman confirmed that he understood.  At no time did Defendant indicate that making a reasonable safety accommodation of a week-long leave would be an undue hardship.  Defendant did not request but Plaintiff could have provided certification that she was a victim of domestic violence, harassment, or stalking in the form of her police report or protective order documentation.

14.

On or around November 4, 2019, Plaintiff put in a request for leave for the rest of the week using Respondent's usual and customary procedures for requesting time off.

15.

On November 6, 2019, Plaintiff reported to Defendant's HR Assistant that she requested "emergency" leave for the week.  Plaintiff recounted what she had already expressed to Kauffman, that she was in an "abusive situation."  Plaintiff described that she'd "been in court and seeking out a safe place to live."  In response, the HR Assistant referred her back to Kauffman.

16.

On November 7, 2019, Kauffman called Plaintiff while she was on protected leave and terminated her employment.

17.

On November 8, 2019, Plaintiff requested to continue her employment with Defendant; Defendant did not continue her employment and instead indicated Plaintiff could apply for any jobs she found on their website.



MEYER STEPHENSON, LLC
1 SW COLUMBIA ST., SUITE 1850
PORTLAND, OR 97204

## CLAIMS FOR RELIEF

### Count One
### Sex Discrimination Title VII – 42 U.S.C. §§ 2000e-2(a)

18.

Plaintiff re-alleges damages and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

19.

Defendant is a "person" within the meaning of 42 U.S.C. § 2000e(a), and an "employer" within the meaning of 42 U.S.C. § 2000e(b).

20.

Defendant discriminated against Plaintiff in one or more of the following ways that materially affected the compensation, terms, conditions, or privileges of her employment:

a. Effectively denying her requested leave by terminating her employment;
b. Terminating her employment; and
c. Failing to rehire or reinstate Plaintiff.

21.

Plaintiff's sex was a motivating factor in Defendant's decision to discriminate against Plaintiff in at least one of the ways set out above. Defendant's treatment of Plaintiff was motivated by sex-based stereotypes, which is a form of intentional sex-based discrimination. Defendant taking the above cited actions against Plaintiff demonstrates an intense apathy to the suffering of women and an implicit judgment that, as the woman, Plaintiff was somehow deserving of abuse. Further, Plaintiff demonstrated that she did not hew to traditional stereotypes of passivity by speaking out against her abuser and seeking legal intervention.



MEYER STEPHENSON, LLC
1 SW COLUMBIA ST., SUITE 1850
PORTLAND, OR 97204

22.

As a result of Defendant's conduct, Plaintiff suffered lost wages and benefits of employment from on or around November 7, 2019 until the anticipated date of trial. Plaintiff is entitled to recover lost wages and benefits of employment.

23.

As a further result of Defendant's unlawful employment practice alleged herein, Plaintiff has suffered noneconomic damages in an amount to be determined by a jury based on the evidence presented at trial.

24.

Plaintiff is entitled to reinstatement rights, but if reinstatement of Plaintiff is not feasible, Plaintiff is entitled to recover damages for future lost wages and benefits of employment, and lost earning capacity.

25.

Plaintiff is entitled to an order declaring the Defendant in violation of the statutory rights of Plaintiff as set forth in this complaint and to such injunctive relief as the court finds appropriate to cause Defendant to stop its violations of law and disregard of the statutory and constitutional rights of employees.

26.

Plaintiff is entitled to an award of attorney fees, expert witness fees and costs incurred herein, pursuant to 42 U.S.C. § 2000e-5(k).



MEYER STEPHENSON, LLC
1 SW COLUMBIA ST., SUITE 1850
PORTLAND, OR 97204

**<u>Count Two</u>**
**Sex Discrimination – ORS 659A.030(1)(b)**

27.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

28.

Pursuant to ORS 659A.030(1)(b) it is an unlawful employment practice for an employer to discriminate against an individual because of their sex. Defendant treated Plaintiff adversely with respect to compensation or other terms, conditions, or privileges of employment, as described in Count One above.

29.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, emotional distress, humiliation, and inconvenience all to her non-pecuniary loss in an amount to be determined at trial.

30.

As a direct and proximate result of Defendant's conduct, Plaintiff suffered economic loss in a sum to be proven at trial.

31.

Pursuant to ORS 20.107 and ORS 659A.885, Plaintiff is entitled to recover her reasonable attorneys' fees, expert fees, costs and disbursements.



MEYER STEPHENSON, LLC
1 SW COLUMBIA ST., SUITE 1850
PORTLAND, OR 97204

32.

Plaintiff also seeks equitable relief including an injunction enjoining Defendant from engaging in any employment practice which discriminates on the bases as alleged in this Complaint.

**Count Three**
**DVHSAS Discrimination – ORS 659A.290(2)(b)**

33.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

34.

Plaintiff was a victim of domestic violence, harassment, and/or stalking (DVHSAS).

35.

Defendants engaged in an unlawful employment practice by discharging Plaintiff from employment with Defendant, effectively denying her requested leave by terminating her employment; and/or failing to rehire or reinstate Plaintiff.

36.

Plaintiff's status as a victim of DVHSAS was a substantial factor in Defendant's treatment of Plaintiff.

37.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, emotional distress, humiliation, and inconvenience all to her non-pecuniary loss.



MEYER STEPHENSON, LLC
1 SW COLUMBIA ST., SUITE 1850
PORTLAND, OR 97204

38.

As a direct and proximate result of Defendant's conduct, Plaintiff suffered economic loss in a sum to be proven at trial.

39.

Defendant's conduct was wanton and willful and Plaintiff reserves the right to allege punitive damages.

40.

Pursuant to ORS 20.107 and ORS 659A.885, Plaintiff is entitled to recover her reasonable attorneys' fees, expert fees, costs and disbursements.

41.

Plaintiff also seeks equitable relief including an injunction enjoining Defendant from engaging in any employment practice which discriminates on the bases as alleged in this Complaint.

**Count Four**
**LVDVHSAS Interference/Discrimination – ORS 659A.277**

42.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

43.

Plaintiff was eligible for leave under ORS 659A.277, Leave for Victims of Domestic Violence, Harassment, Sexual Assault, or Stalking (LVDVHSAS).

44.

Plaintiff was entitled to use her LVDVHSAS protected leave for a reasonable length of time for her DVHSAS qualified purposes under ORS 659A.272.



MEYER STEPHENSON, LLC
1 SW COLUMBIA ST., SUITE 1850
PORTLAND, OR 97204

45.

Defendant had notice of Plaintiff's need for use of LVDVHSAS protected leave.

46.

Defendant interfered with Plaintiff's leave and discriminated against her for using leave by effectively denying her requested leave by terminating her employment; terminating her employment; and/or failing to rehire or reinstate Plaintiff thereby causing Plaintiff damages.

47.

Plaintiff re-alleges damages, costs, and attorney fees as set forth above.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all claims and issues to the extent allowed under the law.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests the following judgments and relief from Defendants according to proof:

1. Economic damages in an amount to be determined at trial;
2. Non-economic damages in an amount to be determined at trial;
3. Reasonable costs and attorney's fees per statute;
4. Equitable relief including a permanent injunction enjoining Defendants from engaging in any employment practice which discriminates on the bases as alleged in this Complaint;
5. For prejudgment and post-judgment interest as appropriate and allowed by law;


MEYER STEPHENSON, LLC
1 SW COLUMBIA ST., SUITE 1850
PORTLAND, OR 97204

6. On all claims, as applicable, amounts necessary to offset the income tax consequences of receiving a lump sum payment, rather than receiving payment of wages over the applicable time frame;
7. Upon motion, punitive damages, as alleged; and
8. All such other relief as this Court may deem proper.

Date: May 5, 2021.

*/s/ Christina Stephenson*
Christina Stephenson, OSB No. 102287
Meyer Stephenson
christina@oregonworkplacelaw.com